■ JAMES T. METZ, JR., et al., Appellants-Respondents, v INCORPORATED VILLAGE OF HEMPSTEAD et al., Respondents-Appellants.—Appeal from order of the Supreme Court, Nassau County, dated January 10, 1978, dismissed as academic, without costs or disbursements. That order was superseded by an order of the same court, dated February 15, 1978, which, upon granting a motion to renew, adhered to its original determination. Order dated February 15, 1978, affirmed, without costs or disbursements. No opinion. Suozzi, J. P., Lazer, Gulotta, Shapiro and Cohalan, JJ., concur.

■ NUMISMATIC FUNDING CORPORATION, Respondent, v ALFONS O. KRAUTZ, Appellant.—In an action for goods sold and delivered, the defendant appeals (1) from an order of the Supreme Court, Nassau County, dated July 27, 1978, which (a) denied his motion for a further bill of particulars and a protective order and (b) granted plaintiff's cross motion for summary judgment on the issue of liability and ordered an assessment of damages and (2) from so much of a further order of the same court dated November 17, 1978, as (a) upon granting reargument adhered to its original determination and (b) denied the defendant's motion to strike the action from the Trial Calendar. Appeal from order dated July 27, 1978 dismissed as academic, without costs or disbursements. That order was superseded by the order dated November 17, 1978, which granted reargument. Order dated November 17, 1978 modified by deleting therefrom the provision that upon reargument the court adheres to its original determination that plaintiff is entitled to summary judgment on the issue of liability and an assessment of damages and substituting therefor a provision denying plaintiff's motion for summary judgment. As so modified, order affirmed insofar as appealed from, without costs or disbursements. In this action to recover for goods sold and delivered, the plaintiff concedes in its brief that it "will be required to establish which coins were delivered and the value thereof". There is therefore a triable issue of fact which precludes the granting of summary judgment (see, also, Uniform Commercial Code, § 2-201, subds [1], [3], par [c]). In our opinion, the bill of particulars served was sufficient. Suozzi, J. P., Lazer, Gulotta, Shapiro and Cohalan, JJ., concur.